·No. 25415

The People of the State of Colorado v.
William Frederick Butcher
(506 P.2d 362)

Decided February 13, 1973.

John P. Moore, Attorney General, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, William Frederick Butcher, was convicted of breaking and entering with intent to commit the crime of theft, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-3-5; and theft of over one hundred dollars ($100.00), in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. In the process of instructing the jury on the crime of theft, the trial court erroneously omitted one of the two essential elements of that crime. The defendant maintains the trial court's use of this erroneous instruction constituted plain error and requires this Court to reverse his convictions for both theft and burglary. The People confess error in this matter on the basis of our recent decision in *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346. We agree that Archuleta is controlling here and reverse the judgments of the district court.

I.

Instruction 7 reads in pertinent part:

"The material allegations of the second count of the Information are:

"(1) That the defendant . . .

"(3) Committed theft by unlawfully, knowingly, and feloniously taking ski clothing, things of value, of a total and combined value of more than one hundred dollars ($100.00) from the Ski Shop, Inc.

"The court instructs the jury that the burden of proof is upon the People to prove each and every material allegation in each count of the Information to your satisfaction, beyond a reasonable doubt, and if you find from the evidence that the People have failed to prove any one or more of the material allegations in each count of the Information, you will find the defendant not guilty on each count. Upon the other hand, if you find from the evidence that each and every allegation in each count of the Information has been proved beyond a reasonable doubt, then you will find the defendant guilty of that count."

This instruction permits the jury to convict of the crime of theft without proof of an essential element of that crime as defined by 1967 Perm. Supp., C.R.S. 1963, 40-5-2, namely, the intent to permanently deprive another of the use and benefit of the property. *People v. Archuleta, supra; People v. Gallegos,* 130 Colo. 232, 274 P.2d 608. As stated by the attorney general, this is plain error and requires reversal. And as we have said in *Archuleta,* to which we adhere, the confusion caused by the instruction given requires the reversal of the burglary charge as well.

## II.

In addition to the foregoing, defendant argues for reversal on the basis that certain testimony elicited from a witness for the People on redirect examination constituted inadmissible hearsay and violated defendant's right of confrontation. Regardless of the merits of this contention we do not believe there is a likelihood of this situation recurring in the event of a retrial, and for that reason we decline to rule on it at this time.

The other arguments raised by the defendant are without merit.

The judgments on the verdicts are reversed and the cause remanded for a new trial.

MR. JUSTICE GROVES does not participate.