## No. 26506

**The People of the State of Colorado v. Federico Andres Archuleta**

(554 P.2d 307)

Decided August 30, 1976.                    Rehearing denied September 27, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant Federico Andres Archuleta appeals his conviction of second-degree burglary, 1971 Perm. Supp., C.R.S. 1963, 40-4-203.[1] We affirm.

A two-count information charged defendant with the second-degree burglary of a dwelling and with gross sexual imposition. As to the latter count, the jury was unable to reach a verdict and the trial court granted a mistrial.

The prosecution's evidence reveals that on the night of July 29, 1973, defendant, who was then twenty-five years of age, appeared at the victim's house trailer near Pagosa Springs, Colorado. The victim was fifty years old and slightly crippled due to the effects of a stroke. Defendant and the

---

[1]Now section 18-4-203, C.R.S. 1973.

victim had been only slightly acquainted for about a year. Shortly before the incident in question, they had both been at the same restaurant, though it is not clear if they had spoken to one another there. In any event, on the evening in question, as the victim was undressing to retire, defendant knocked on the door, then twisted it off its hinges and entered the trailer. She testified that he threatened repeatedly to kill her unless she went to bed with him, whereupon he raped her.

Though defendant did not take the stand or present any evidence in his defense, a statement he made to police at the time of his arrest was admitted into evidence. His version was that the victim had asked him to kick the door down because the latch was defective, and that she had thereafter voluntarily consented to sexual intercourse. He stated that the victim was a mere acquaintance with whom he had never socialized.

Defendant raises three grounds for reversal: (1) that the jury's verdict of guilt as to the burglary charge was fatally inconsistent with its inability to agree on a verdict on the sexual imposition charge; (2) that the trial court erroneously refused to permit inquiry into the prosecutrix's alleged prior acts of sexual intercourse with her current boyfriend; and (3) that the trial court erred in its instruction to the jury relating to the elements of the gross sexual imposition charge.

### I.

Defendant's first argument, relating to the alleged inconsistent verdicts, is without merit. He relies on *Robles v. People*, 160 Colo. 297, 417 P.2d 232. In our view, *Robles* is not applicable, as the conviction on the burglary count was not based on the same evidence as was the failure to convict on the gross sexual imposition count. The elements of burglary and gross sexual imposition are different. To commit a burglary, the defendant need only have unlawfully entered the structure with the intent to commit the proscribed crime. There is no requirement that the crime intended to be committed be in fact completed. The evidence of breaking in and the subsequent act of intercourse with the victim justify a finding of guilt on the burglary charge. On the other hand, the gross sexual imposition charge turned on the state of mind of the victim.

The jury was entitled to accept or reject all or any part of the testimony of defendant or of the victim. *People v. Lewis*, 180 Colo. 423, 506 P.2d 125; *Maisel v. People*, 166 Colo. 161, 442 P.2d 399. It could properly have concluded that the defendant broke into the trailer, intending to sexually attack the victim, but that there was some question whether the act of gross sexual imposition occurred. Such a conclusion on the part of the jury is consistent with the facts as presented at trial and serves to render the verdicts consistent. We find no merit to this argument.

### II.

At trial, defense counsel sought to cross-examine the victim as to whether she had engaged in sexual intercourse with the man she was

dating at the time of the incident. Counsel argued that this line of questioning was relevant, both to the issue of consent and for its bearing on the credibility of the prosecutrix, and that to limit this cross-examination would be to deny defendant his right to confront a witness against him. The trial court excluded the evidence on grounds of lack of materiality. This was a matter within the sound discretion of the trial judge. *People v. Simbolo*, 188 Colo. 49, 532 P.2d 962; *De Salvo v. People*, 98 Colo. 368, 56 P.2d 28. We find no abuse of discretion under the circumstances of this case.

We note that this problem was addressed by the legislature when it enacted Colo. Sess. Laws 1975, ch. 171, § 18-3-407 at 630.

## III.

■ Defendant's final argument relates to the trial court's instruction to the jury on the elements of the offense of gross sexual imposition. He argues that the alleged defects in it warrant reversal of the burglary conviction. An essential element of burglary is that at the time and place of entering the structure, the accused must have an intent to commit therein a crime. It is therefore necessary that the specific ulterior crime be clearly and accurately defined in order to determine if the defendant's intent was that proscribed by the burglary statute. *People v. Archuleta*, 180 Colo. 156, 503 P.2d 346; *People v. Butcher*, 180 Colo. 429, 506 P.2d 362. Where, as in *Archuleta* and *Butcher*, the ulterior crime was theft, and the theft instruction given by the court was prejudicially erroneous, we have held that the defendant's conviction for burglary must also be reversed.

The question, therefore, is whether the sexual imposition instruction constituted prejudicial error requiring reversal of the burglary conviction. We hold that this instruction, as given, was proper.

The crime of gross sexual imposition is defined in 1971 Perm. Supp., C.R.S. 1963, 40-3-402,[2] as occurring when a male compels a female to submit "by any threat less than those set forth in section 40-3-401(1)(a) [by force or by threat of imminent death, or serious bodily harm] but of sufficient consequence reasonably calculated to overcome resistance. . . ." The applicable pattern jury instruction, *Colorado Jury Instructions (Criminal)* 12:7 echoes the statutory language.

The instruction given by the trial court, however, listed the relevant elements of the crime as "compelling [a female] to submit by any threat which is reasonably calculated to overcome resistance." Defendant argues that he was entitled to an instruction making reference to "any threat less than a threat of imminent death, serious bodily harm * * *."

---

[2]Since repealed and re-enacted in altered form, *see* section 18-3-403, C.R.S. 1973 (1975 Supp.).

The thrust of defendant's argument is that he could be convicted under the gross sexual imposition statute only if his acts constituted a threat of "less than * * * imminent death * * *," while he would be innocent of sexual imposition if his acts were of such a nature as to threaten death or serious bodily injury. Defendant misapprehends the interrelationship of the rape and sexual imposition statutes.

The portion of the sexual imposition statute here at issue is a lesser included offense to the rape statute, 1971 Perm. Supp., C.R.S. 1963, 40-3-401(1)(a),[3] and any man who compels a female to submit by threat of death or of great bodily harm necessarily commits the lesser offense. A defendant cannot reasonably contend that he should be excused from violation of the gross sexual imposition statute on the ground that his conduct, if any crime at all, was forcible rape. *Cf. Murphy v. People*, 9 Colo. 435, 13 P. 528.

Furthermore, under the facts of this case, it is difficult to believe that defendant was prejudiced by any irregularities in the form of the instructions, *see, People v. Saavedra*, 184 Colo. 90, 518 P.2d 283; *People v. Adkins*, 181 Colo. 177, 508 P.2d 377. We note that the language of the information also made reference not to threats of death but to compelling the victim to "submit by threats of sufficient consequence reasonably calculated to overcome her resistance."

Though as a general principle trial courts should utilize the *Colorado Jury Instructions (Criminal)*, the trial court's failure to use the verbatim language of such an instruction is not reversible error per se. The pattern instructions are intended only as guidelines and were not individually approved by this court at the time of their adoption.

The judgment is affirmed.

---

[3]Since repealed and re-enacted in altered form, *see* section 18-3-402, C.R.S. 1973 (1975 Supp.).