The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Marcus **PALMER**, Defendant–Appellant.

No. 01CA0937.

Colorado Court of Appeals, Div. II.

June 19, 2003.

As Modified on Denial of Rehearing Sept. 4, 2003.

Certiorari Denied April 12, 2004.*

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

* Justice COATS does not particiapte.

138

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Marcus Palmer, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree murder, felony murder, first degree burglary, and felony menacing. We affirm.

Defendant entered a home carrying a gun, which he intended to use to retrieve either money or drugs. An argument ensued, and defendant shot and killed one of the occupants.

Defendant was originally charged with first degree murder, first degree felony murder, first degree burglary, and felony menacing. At defendant's request, the jury also was instructed on second degree murder, reckless manslaughter, and negligent homicide. The jury found defendant guilty of second degree murder, felony murder, first degree burglary, and felony menacing. The trial court merged the second degree murder and first degree burglary charges into the felony murder charge.

## I.

■ The felony murder count in the information stated, inter alia, that defendant "unlawfully and feloniously, acting alone and with one and more persons, [did] commit and attempt to commit Burglary; and, in the course of and in furtherance of said crime that defendant was committing and attempting to commit, and in immediate flight therefrom, the death of a person other than one of the participants ... was caused."

Another count charged defendant with first degree burglary, outlined the elements of burglary, and identified its predicate crime, felony menacing. Defendant did not seek a bill of particulars or object to the completeness of the charges.

Defendant now contends that because the elements of burglary, including the intent to commit felony menacing, were not specified within the felony murder count, the information did not provide adequate notice of the predicate felony of burglary, and the trial court therefore lacked jurisdiction. We disagree.

■ An information must provide the defendant with sufficient notice of the charged offenses and factual circumstances to allow adequate trial preparation and protect the defendant from subsequent prosecution for the same offense. *People v. Pollard*, 3 P.3d 473 (Colo.App.2000). However, it is not necessary to allege every element that must be proved at trial. *People v. Richardson*, 58 P.3d 1039 (Colo.App.2002).

■ An information may be deficient in substance or form. An information is substantively sufficient if it tracks the language of the pertinent statute. However, the failure to specify an underlying offense is a defect of form. A defect in form that was not objected to at trial, as here, nevertheless may render the conviction void if it results in substantial prejudice to a defendant. *See People v. Auman*, 67 P.3d 741 (Colo.App. 2002)(*cert. granted*, Mar. 24, 2003); *People v. Williams*, 984 P.2d 56 (Colo.1999).

Contrary to defendant's contention, the information here charging felony murder was substantively sufficient and therefore conferred jurisdiction on the trial court. It specifically named the underlying offense, burglary, and otherwise tracked the felony murder statute. *See* § 18–3–102(1)(b), C.R.S.2002 (felony murder statute listing "burglary" as one of the predicate felonies); *People v. Auman, supra* (listing of predicate crime to felony murder as simply "burglary" not substantive error); *People v. Williams, supra* (in a burglary charge, failure to allege underlying offense is not substantive error).

Moreover, we reject defendant's contention that the information was insufficient as to form, resulting in prejudice to defendant. The information did not omit the predicate crime, but rather stated that the underlying offense was burglary. *See People v. Williams, supra* (defect in form where no

underlying crime was specified). Defendant also has shown no prejudice. The elements of burglary, including the intent to commit felony menacing, were specified in the burglary count; thus, defendant was on notice of the complete basis for felony murder. *See People v. Auman, supra* (listing "burglary" as the predicate crime in felony murder count not prejudicial where other counts provided notice of burglary charges; court looks at context of other counts in determining prejudice); *cf. People v. Steiner,* 640 P.2d 250 (Colo.App.1981)(one count in an information may, by proper reference, incorporate the allegations more fully set forth in another count).

## II.

■ The jury was instructed on felony murder, with the predicate crime of burglary. A separate instruction specified the elements of burglary, including defendant's underlying intent to commit the crime of felony menacing, and referred to the felony menacing instruction. The felony menacing instruction listed the elements of felony menacing, but did not specify a particular victim.

Defendant contends that the failure to specify a victim in the felony menacing instruction permitted the jury to disagree on the intended victim and therefore render a nonunanimous verdict on the burglary charge and, consequently, the felony murder charge. We find no error.

■ The elements of first degree burglary are that a defendant "knowingly enters unlawfully, or remains unlawfully after a lawful or unlawful entry, in a building or occupied structure with intent to commit therein a crime," and that in the course of the burglary, "the person or another participant in the crime assaults or menaces any person." Section 18-4-202(1), C.R.S.2002; *see* § 18-4-203, C.R.S.2002 (second degree burglary has no actual assault or menacing element).

Here, defendant was separately convicted of felony menacing, and because the special verdict form specified the female occupant as the particular victim, in finding the defendant guilty of felony menacing, the jury must have unanimously agreed that defendant menaced the female occupant. Thus, the element of first degree burglary that a completed assault or menacing occur is not at issue here. Rather, the issue is whether the jury was required to agree on the intended victim of felony menacing, which it did.

■ The elements of burglary, as well as the elements of the underlying crime a defendant intended to commit must be correctly given to the jury, and the jury must unanimously agree that the defendant intended to commit the underlying crime. *See People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972). However, while the jury must unanimously agree on all elements of a crime, the jury is not required to unanimously agree on the evidence or theory by which a particular element is established. *See People v. Hall* 60 P.3d 728 (Colo.App.2002).

We conclude that, because the element of burglary here is the intent to commit a crime, the jury is not required to agree on the intended victim of the underlying menacing. To commit an actual crime, there must be a victim of that crime. However, a person can have the mental state of intent to commit a crime without having an identified specific victim. For instance, a defendant may break into a home with the intent to commit sexual assault, but not have an identified victim in mind; may have a particular victim in mind and yet complete the intended crime against a different victim; or may intend to commit the crime, but never actually complete the crime. In each of these instances, the element of burglary that defendant "intend to commit therein a crime" is met. *See* § 19-4-202(1)(first degree burglary); *People v. Mandez,* 997 P.2d 1254 (Colo.App.1999)(when underlying offense is theft in a prosecution for burglary, the prosecution has no burden to establish the particular item or items the perpetrators intended to steal).

Thus, while we agree with defendant that to convict him of burglary, the jury must agree on the underlying felony defendant intended to commit, *see People v. Archuleta, supra,* it does not follow that the jury must agree on the intended victim of the underlying crime of felony menacing. *See* § 18-3-206, C.R.S.2002 (person commits the crime of menacing if, by any threat or physical action,

he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury).

Consequently, here, the intent element of burglary may be satisfied by proof that defendant had the intent to menace any occupant of the premises. The jury could have differed on the evidence that satisfied the element of intent to commit felony menacing and yet decided unanimously that this element was met. *See People v. Hall, supra.* Because the jury could unanimously have found defendant guilty of burglary without agreeing on the intended victim of menacing, the resulting felony murder conviction, in this regard, was also unanimous.

### III.

 Defendant contends that the court committed reversible error by refusing to give defendant's tendered self-defense instructions. Specifically, defendant contends that the instruction given misled the jury and that the jury should also have been given an amplified self-defense instruction and an instruction stating that self-defense can be considered in determining whether defendant acted recklessly or negligently. We disagree that reversal is required, because any errors regarding the self-defense instructions were harmless.

First, we disagree with defendant that the self-defense instruction given to the jury requires reversal. This instruction related to the first degree and second degree murder charges. The jury acquitted defendant of the first degree murder charge and found him guilty of second degree murder and felony murder. However, the trial court subsequently merged the second degree murder charge into the felony murder charge. Thus, the only murder charge remaining was felony murder, to which self-defense does not apply, and, as a result, any error in the self-defense instruction as given was harmless. *See People v. Renaud,* 942 P.2d 1253 (Colo.App. 1996)(self-defense may be available as an affirmative defense to a predicate felony but not as to the resulting death); *see also People v. Rodriguez,* 914 P.2d 230 (Colo.1996)(trial court's failure to instruct on attempt was harmless error, as jury specifi-

cally found defendant guilty of first degree murder after deliberation); *Hughes v. People,* 175 Colo. 351, 487 P.2d 810 (1971)(alleged instructional error not subject to review where requested instructions went only to the question of the charge of burglary, and the defendant was acquitted of that charge).

For the same reason, we also reject defendant's contention that reversal is required because the court did not give the jury his requested amplified self-defense instruction. An amplified instruction would not have been relevant to the felony murder conviction. *See Hughes v. People, supra; People v. Renaud, supra.*

Lastly, we reject defendant's contention that reversal is required because the court refused to instruct the jury to consider evidence of self-defense when determining whether defendant acted recklessly or negligently.

At trial, defendant requested and the jury received instructions on second degree murder and the lesser offenses of reckless manslaughter and criminally negligent homicide. However, the court rejected defendant's tendered instruction that self-defense was not a defense to the crimes of reckless manslaughter or negligent homicide, but that the jury may consider evidence that defendant acted in self-defense to determine whether he committed those crimes.

Even if the failure to give the instruction was in error, such error did not contribute to defendant's convictions and was therefore harmless. As discussed, the trial court merged the second degree murder conviction into the felony murder conviction. Had defendant, in the alternative, been convicted of reckless or negligent homicide, such convictions would also have merged into the felony murder conviction. *See People v. Jones,* 990 P.2d 1098 (Colo.App.1999)(reckless manslaughter merges into felony murder).

Judgment affirmed.

Judge CASEBOLT and Judge WEBB concur.