The PEOPLE OF THE State of Colorado, Plaintiff–Appellee,

v.

Manuel Martin TORRES, Jr., Defendant–Appellant.

No. 04CA0511.

Colorado Court of Appeals, Div. III.

April 6, 2006.

Certiorari Denied Aug. 28, 2006.*

* Justice EID does not participate.

verdict finding him guilty of second degree kidnapping, third degree assault, and criminal mischief. He also appeals the sentences imposed. We affirm in part, vacate in part, and remand for further proceedings.

In May 2003, Torres and his girlfriend, G.W., ended their two-month relationship. On the day Torres moved out of G.W.'s home, he called her several times to ask whether he could come over and do his laundry, but she refused.

Later that night, Torres appeared at G.W.'s back door and demanded that he be let in. When G.W. refused, Torres became agitated; he pounded on the window, demanded to know to whom she was talking on her cell phone, and swore at her and her seven-year-old son, A.C. A.C. then ran to a telephone and called 911.

Torres eventually broke the window on the back door, reached in, unlocked the door, and went into the house. G.W. told the 911 operator that Torres had come inside her home, but once inside, he hung up the 911 call, grabbed G.W. by the hair, and dragged her into the living room while he screamed that he wanted to know where the cell phone was. A.C. tried to help G.W. by grabbing and hitting Torres's arms, but Torres pushed A.C. out of the way and into a wall.

Torres eventually found the cell phone, and as G.W. attempted to retrieve it, he threw her into a sliding glass door and punched her in the face, giving her a black eye.

Meanwhile, the police arrived, and G.W. attempted to signal to them by banging on a window and screaming. Torres responded by covering her mouth and forcing her from the first floor living room into the basement of the home. Once there, Torres forced G.W. into a bedroom, tried to close the door, and blocked her exit; then he demanded that G.W. stop screaming and apologized for hurting her. While in the basement, Torres smashed G.W.'s cell phone.

The police officers eventually followed G.W.'s screams to the basement, where they

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Todd E. Mair, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

NIETO **, J.

Defendant, Manuel Martin Torres, appeals the judgment of conviction entered on a jury

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

saw Torres come out of a bedroom, followed by G.W.

Torres was arrested and charged with first degree burglary, second degree kidnapping, child abuse, third degree assault, criminal mischief, and a domestic violence sentence-enhancing count. A jury convicted him of second degree kidnapping, third degree assault, and criminal mischief. The trial court found that the domestic violence sentencing provisions of § 18–6–801, C.R.S.2005, applied. This appeal followed.

## I. Prior Act Evidence

Torres contends that the trial court erred when it admitted evidence of a prior act of domestic violence which he committed against G.W. We disagree.

Generally, evidence of other crimes, wrongs, or acts is inadmissible if its relevance depends on an inference that the person has a bad character and acted in conformity with that character. CRE 404(b); *People v. Cooper*, 104 P.3d 307 (Colo.App. 2004).

However, under § 18–6–801.5, C.R.S.2005, evidence of other acts of domestic violence between the defendant and the victim is admissible if offered to show common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or some other purpose. *People v. Gross*, 39 P.3d 1279 (Colo. App.2001).

A trial court may only admit evidence of other acts of domestic violence under § 18–6–801.5 if it determines that (1) the evidence relates to a material fact; (2) the evidence is logically relevant; (3) the logical relevance is independent of the prohibited inference that the defendant has a bad character; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *People v. Gross, supra.*

Evidence of a prior act of domestic violence is relevant to show the defendant's intent to harm the victim, rather than merely to frighten her. *People v. Ramirez*, 18 P.3d 822 (Colo.App.2000).

A trial court has substantial discretion to determine the admissibility of prior acts evidence, and such a determination will

not be disturbed on appeal absent an abuse of that discretion. *People v. Raglin*, 21 P.3d 419 (Colo.App.2000).

Here, the trial court allowed G.W. to testify that in 2003 police were called to her home after Torres "grabbed her." Torres argues that this prior incident is inadmissible prior act evidence because its relevance is based exclusively on the prohibited inference that he has a bad character and acted in conformity with that character on the night he broke into G.W.'s home and assaulted her. We disagree.

The trial court found that Torres's prior conduct was relevant to a material fact, namely, whether he committed an act of domestic violence. We agree that it was relevant to the first degree burglary charge because that charge required proof that Torres intended to assault G.W. when he entered the home. It was also relevant to the third degree assault charge, which required proof that Torres knowingly caused bodily injury to G.W. As mentioned above, a prior act of domestic violence is relevant to prove an intent to harm the victim, rather than frighten him or her.

The logical relevance requirement for admission of other act evidence is satisfied where the evidence has any tendency to make a fact of consequence more probable than it would be without that evidence. *People v. Rath*, 44 P.3d 1033, 1041 (Colo.2002). Here, the evidence had a tendency to show that it was more probable that Torres intended to commit the acts of domestic violence.

We also agree with the trial court's conclusion that the logical relevance of the prior act is independent of the prohibited inference that Torres has a bad character. The prior act was evidence that Torres's motive for entering the home was to assault G.W., that he acted knowingly in assaulting her, and that his movement of her to the basement was likely done with the intent to continue to threaten or harm her.

Furthermore, the trial court did not abuse its discretion in concluding that the probative value of the prior act evidence was not substantially outweighed by the danger of unfair prejudice because the nature of the prior act

was not likely to inflame the jury and it had significant probative value. Thus, the trial court did not err in admitting evidence of Torres's prior act of domestic violence against G.W.

■ Torres also argues that the trial court erred when it did not sua sponte give a limiting instruction to the jury regarding the prior act evidence. We disagree.

■ Section 18–6–801.5 requires a trial court to instruct the jury on the limited purposes for which the evidence of prior acts of domestic violence is being admitted. *People v. Moore*, 117 P.3d 1 (Colo.App.2004). However, when, as here, defendant does not object to the lack of contemporaneous limiting instructions or request additional ones, reversal for lack of a limiting instruction is not required. *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977).

■ Nevertheless, we may review for plain error. *People v. Moore, supra.* Plain error occurs when an error so undermines the fundamental fairness of a trial as to cast serious doubt on the reliability of the judgment of conviction. *People v. Garcia*, 28 P.3d 340 (Colo.2001).

G.W. testified that Torres had only "grabbed her" in the prior incident, and she denied having been injured. Her testimony was unlikely to evoke the type of prejudice that would suggest a verdict on an improper basis without a limiting instruction. The absence of a limiting instruction for Torres's prior act of domestic violence did not undermine the fundamental fairness of the trial or cast serious doubt on the reliability of his conviction.

Accordingly, the trial court did not commit plain error by not issuing a limiting instruction to the jury regarding the prior act of domestic violence.

## II. Second Degree Kidnapping

■ Torres contends that the evidence was insufficient to support a conviction for second degree kidnapping because his movement of G.W. was insubstantial and did not substantially increase her risk of harm. We disagree.

When the sufficiency of evidence is challenged on appeal, the reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. *People v. McIntier*, 134 P.3d 467, 2005 WL 3211624 (Colo.App. No. 03CA2276, Dec. 01, 2005).

■ Whether a defendant's conduct substantially increased the risk of harm to a victim is not a material element of second degree kidnapping. The asportation element of this crime is simply that the defendant seized and carried another person from one place to another. *People v. Harlan*, 8 P.3d 448 (Colo.2000).

■ However, where the prosecution relies on insubstantial movement to prove second degree kidnapping, a showing that the insubstantial movement substantially increased the risk of harm to a victim will suffice to support the conviction. *People v. Owens*, 97 P.3d 227 (Colo.App.2004).

Here, it is undisputed that after the police arrived and G.W. tried to signal to them, Torres forced her from the ground level of her house into the basement. This movement of G.W. from the first floor of her home to the basement, where she could not be seen from outside the building, was not insubstantial. However, even if this movement could be considered insubstantial, it is clear that the asportation greatly increased G.W.'s risk of harm.

The record shows that Torres moved G.W. to the basement only after she began to pound on a window and scream to gain the attention of arriving police officers. Moreover, before Torres moved G.W. to the basement, he had already broken into her house, dragged her by her hair, punched her in the face, shoved her minor son, and thrown her into a sliding glass door. Once in the basement, Torres moved G.W. into a room, attempted to close the door, blocked her exit, and demanded that she stop screaming. G.W. testified that she continued to scream because she feared that the police would not find her if she remained silent.

This evidence, taken as a whole and in the light most favorable to the prosecution, is clearly sufficient to support a finding beyond

a reasonable doubt that Torres increased G.W.'s risk of harm by forcing her into the basement.

Accordingly, the evidence was sufficient to convict Torres of second degree kidnapping.

### III. Criminal Mischief

■ Torres contends, the People concede, and we agree that his sentence and mittimus must be amended to reflect a conviction for criminal mischief as a class three misdemeanor, instead of a class two misdemeanor.

Here, the jury answered a special interrogatory, finding that the aggregate damage resulting from Torres's criminal mischief (destruction of cell phone) was less than $100. Therefore, under the criminal mischief statute, this finding reduced the conviction to a class three misdemeanor. Section 18–4–501(1), C.R.S.2005.

A class three misdemeanor carries a minimum sentence of a $50 fine, and a maximum sentence of six months imprisonment, or a $750 fine, or both. Section 18–1.3–501(1), C.R.S.2005.

Accordingly, on remand, defendant must be resentenced within the proper range for a class three misdemeanor, and the mittimus must be corrected.

### IV. Third Degree Assault

■ Torres contends, and the People concede, that his sentence and mittimus for third degree assault should be amended. We do not agree. *See People v. Knott,* 83 P.3d 1147 (appellate court not bound by parties' concessions as to applicable law).

Here, the trial court stated that the third degree assault was a crime of violence and imposed a twenty-four-month sentence. While we agree with defendant and the prosecution that third degree assault is not a crime of violence, it is an extraordinary risk crime. Colo. Sess. Laws 1993, ch. 322, § 10 at 1984 (now codified with amendments as § 18–1.3–501(3), C.R.S.2005). Thus, under the sentencing statute in effect at the time of this offense, the sentencing range for third degree assault was increased by six months to a maximum of twenty-four months.

The court's reference to third degree assault as a violent crime was an error, but it

was harmless error because the sentence imposed was in the range permitted by law. *See Martin v. People,* 738 P.2d 789 (Colo.1987)(harmless error is any error that does not affect the substantial right of a party).

Accordingly, we affirm the sentence imposed for third degree assault.

### V. Domestic Violence

■ Torres contends that the sentencing provisions for domestic violence in § 18–6–801(1), C.R.S.2005, do not apply to his case and that reference to a conviction under this provision should be removed from the mittimus. We agree.

■ A defendant may contend that a sentence is illegal for the first time on appeal. A sentence that is beyond the statutory authority of the court is illegal. *People v. Watkins,* 83 P.3d 1182 (Colo.App.2003).

Section 18–6–801 sets forth requirements for domestic violence sentencing. *People v. Goldfuss,* 98 P.3d 935 (Colo.App.2004). Section 18–6–801(1)(a), C.R.S.2005, states, in relevant part:

> In addition to any sentence that is imposed upon a person for violation of any criminal law under this title, any person who is convicted of any crime, the underlying factual basis of which has been found by the court on the record to include an act of domestic violence ... whether or not such crime is a felony, when such crime is used as a method of coercion, control, punishment, intimidation, or revenge directed against a person with whom the actor is or has been involved in an intimate relationship, shall be ordered to complete a treatment program and a treatment evaluation that conform with the standards adopted by the domestic violence management treatment board ....

However, § 18–6–801(2), C.R.S.2005, expressly states that "[s]ubsection (1) of this section *shall not apply to persons sentenced to the department of corrections* " (emphasis added).

Here, because Torres contends that the trial court illegally applied the provisions of

937

§ 18–6–801(1), he may properly raise this issue for the first time on appeal.

Torres was sentenced to ten years in the Department of Corrections (DOC) for second degree kidnapping and to concurrent terms in DOC for third degree assault and criminal mischief. The trial court also found that Torres had committed an act of domestic violence under § 18–6–801(1)(a) and noted this finding in the mittimus.

However, § 18–6–801(2) unambiguously states that the sentencing provision of § 18–6–801(1) does not apply to persons sentenced to the DOC. Therefore, we apply the law as written. Accordingly, because Torres's entire sentence was to be served in the DOC, the trial court's finding under § 18–6–801(1) must be vacated, and on remand the domestic violence notation must be removed from the mittimus.

The prosecution argues that § 18–6–801(2) is ambiguous and that we should interpret it to require domestic violence treatment under § 18–6–801(1) when the defendant is released from DOC on parole. We are not persuaded.

If statutory language unambiguously sets forth the legislative purpose, we need not apply additional rules of statutory construction to determine the statute's meaning. *People v. Cooper*, 27 P.3d 348 (Colo.2001). Where language in a statute is clear and unambiguous, our role is to apply the law as written, in keeping with legislative intent. *Sargent Sch. Dist. No. RE–33J v. W. Servs., Inc.*, 751 P.2d 56 (Colo.1988).

Here, we find the statute to be unambiguous. It states plainly that § 18–6–801(1) "shall not apply to persons sentenced to the department of corrections." It does not suggest that subsection (1) may apply to such persons under certain circumstances or at some certain time. This clear and mandatory language does not require construction and should be applied as written. Thus, where, as here, the defendant's entire sentence is to be served in the DOC, § 18–6–801(1) "shall not apply," and because it is not part of the defendant's adjudication or sentence, no such notation should be placed in the mittimus.

The judgment is affirmed. The sentences for the second degree kidnapping and third degree assault convictions also are affirmed.

The sentence for the criminal mischief conviction is vacated, as is the domestic violence finding. The case is remanded for further proceedings consistent with this opinion to resentence defendant as to the criminal mischief conviction and to correct the mittimus accordingly.

ROY and LOEB, JJ., concur.