The Supreme Court of the State of Colorado 
2 East 14th Avenue • Denver, Colorado 80203

2016 CO 7

Supreme Court Case No. 13SC904 
Certiorari to the Colorado Court of Appeals 
Court of Appeals Case No. 09CA1506

Petitioner: 
Salvador Esquivel-Castillo,
v.
Respondent: 
The People of the State of Colorado.

Judgment Affirmed 
en banc
January 25, 2016

Attorneys for Petitioner: 
Samler & Whitson, P.C.
Eric A. Samler
Denver, Colorado
Attorneys for Respondent:
Cynthia H. Coffman, Attorney General
Melissa D. Allen, Assistant Attorney General
Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶1         Esquivel-Castillo petitioned for review of the judgment of the court of appeals affirming his conviction of felony murder. People v. Esquivel-Castillo, No. 09CA1505 (Colo. App. Aug. 29, 2013) (not published pursuant to C.A.R. 35(f)). A jury acquitted him of a separate count of kidnapping, charged according to the “seized and carried” alternative way of committing that crime, but convicted him of felony murder for a death caused during his commission or attempted commission of kidnapping the same victim, during the same charged timeframe, by a different statutorily qualifying act of kidnapping. As pertinent to the issue on review in this court, the court of appeals rejected Esquivel-Castillo’s assertion that the more specific kidnapping charge necessarily limited the scope of the more generally-charged felony murder count to a charge of death caused in the course of or in furtherance of the commission of kidnapping by seizing and carrying the victim from one place to another, resulting in his having been convicted of a crime with which he had never been charged.
¶2         Because one count of an information is not circumscribed by another count of that information unless the latter is incorporated in the former by clear and specific reference, the crime of kidnapping alleged more generally as an element of felony murder was not limited to the specific alternative act of kidnapping alleged in the separate kidnapping count, and therefore jury instructions as to all statutory forms of kidnapping supported by the evidence did not constructively amend the felony murder charge. The judgment of the court of appeals is therefore affirmed.
I.
¶3         Salvador Esquivel-Castillo was charged by information with separate counts of first degree (felony) murder, second degree murder, and first degree kidnapping. A jury acquitted him of first degree kidnapping and the lesser offense of second degree kidnapping, but convicted him of felony murder and second degree murder. He was sentenced to life imprisonment without parole, to be served concurrently with a 48-year sentence for second degree murder.[1]
¶4         The charges arose from the disappearance and death of the defendant’s former girlfriend and mother of one of his children, whose body was found buried near the home of one of the defendant’s friends. The felony murder count of the information alleged that the defendant committed or attempted to commit “kidnapping” and that the victim’s death was caused in the course of or in furtherance of that crime, or in immediate flight therefrom. By contrast, although the separate kidnapping count involved the same victim and the same timeframe, it more specifically charged “first degree kidnapping,” committed by forcibly seizing and carrying the victim from one place to another, with the intent thereby to force the victim or another person to make a concession or give up something of value in order to secure the victim’s release. (Emphasis added). 
¶5         Evidence was admitted at trial from which the jury could find that after the victim sought to end her relationship with the defendant, the defendant abducted her and either forced or enticed her into his car, for the purpose of coercing her into marrying him, and ultimately killed her and buried her body. One witness recalled seeing the defendant push the victim into his car and drive off the evening before she was reported missing, while other testimony suggested that the victim may have briefly stepped out of the car at some point that evening and reentered under her own volition, but as the result of threats and intimidation by the defendant. Other evidence indicated that the victim’s blood was found in the lining of the defendant’s trunk and that traces of vegetation matching the vegetation growing at the burial site were found on the defendant’s clothing and the undercarriage of his car. The defendant testified on his own behalf that he neither forced, threatened, nor intimidated the victim to enter his car on the night in question, but rather that she entered of her own accord; and that he did not kill her, but rather she died of a drug overdose while sitting in the passenger seat of his car, after which he buried her body out of fear that he would be suspected of her murder.
¶6         With regard to the separate charge of “first degree kidnapping,” the jury was instructed that it would be permitted to return a verdict of “guilty” only if it found, along with the other elements of first degree kidnapping, that the defendant seized and carried the victim from one place to another. However, with regard to the charge of felony murder and, specifically, its allegation that the victim’s death was caused in the course of or in furtherance of the defendant’s commission or attempted commission of “kidnapping,” or in immediate flight therefrom, the jury was instructed as to all portions of the statutory definitions of both first and second degree kidnapping supported by the evidence. See §§ 18-3-301, -302, C.R.S. (2015). The jury was therefore instructed to find the defendant guilty of felony murder if it determined that the victim’s death was caused in the course of or in furtherance of or in immediate flight from the defendant’s commission or attempted commission of the first degree kidnapping of the victim, committed either (1) by forcibly seizing and carrying her from one place to another, (2) by enticing or persuading her to go from one place to another, or (3) by imprisoning or forcibly secreting her; or in the course of or in furtherance of or in immediate flight from the commission or attempted commission of the second degree kidnapping of the victim, committed by knowingly seizing and carrying her from one place to another, without her consent and without lawful justification.
¶7         The jury received separate verdict forms for the charges of first degree kidnapping and felony murder.[2] With regard to the former, the jury was also permitted to return a verdict of “guilty” as to the lesser offense of second degree kidnapping, should it find the defendant “not guilty” of first degree kidnapping. With regard to the felony murder charge, the jury was instructed that if it were to return a verdict of “guilty,” it should also answer an interrogatory, indicating the alternative statutory act or acts of kidnapping upon which its verdict was based. The jury returned verdicts of “not guilty” as to first and second degree kidnapping, but a verdict of “guilty” as to felony murder. The jury further answered the included interrogatory by indicating that it found the defendant committed kidnapping by enticing or persuading the victim to go from one place to another.
¶8         Sometime after the verdicts, the defendant moved for judgment of acquittal on the grounds that the information had not sufficiently charged the crime of which he was ultimately convicted. The district court denied the motion, ruling in the alternative that because felony murder was charged in terms of the “generic” crime of kidnapping, without incorporation of the specific count charging first degree kidnapping, no essential element of the charging document had been altered after the trial had begun; and even if error, the pertinent jury instructions had not been objected to by the defense and, particularly in light of the defendant’s testimony and theory of the case, could not rise to the level of plain error. Similarly, the court of appeals rejected the defendant’s assertion that the jury instructions changed an element of the offense of felony murder, as charged, and therefore worked a constructive amendment of the information, for the reason that the law in this jurisdiction recognizes that one charge of an information is not limited by another charge unless the former charge expressly incorporates the latter charge, which clearly was not done in this case.
¶9         The defendant petitioned this court for a writ of certiorari.
II.
¶10         The requisites of an information have long been delineated by statute, see § 16-5-202(1), C.R.S. (2015) (derived from ch. 66, sec. 2, 1893 Colo. Sess. Laws. 116, 116– 17), and more recently by court rule, see Crim. P. 7(b)(2). An information is deemed sufficient if it can be understood therefrom: (1) that it is presented by the person authorized to prosecute the offense; (2) that the defendant is identified in one of the enumerated ways; (3) that the offense was committed or is triable in the jurisdiction; and (4) that the offense charged is set forth with a degree of certainty permitting the court to pronounce judgment upon a conviction. § 16-5-202(1); Crim. P. 7(b)(2). Although our precise understanding of these requirements has evolved over the years, we have characterized our more recent interpretations of this standard as following the modern trend of testing the sufficiency of an information based on the fundamental objectives it is meant to serve, rather than according to any technical pleading requirements of the common law. See, e.g., People v. Williams, 984 P.2d 56, 60 (Colo. 1999); see also People v. Albo, 575 P.2d 427, 429 (Colo. 1978) (“Technical defects in an information do not require reversal unless the substantial rights of the defendant are prejudiced.”).
¶11         With regard to notice of the charges, an information is now considered sufficient if it advises the defendant of the charges he is facing such that he can adequately defend himself and be protected from further prosecution for the same offense. Cervantes v.  People, 715 P.2d 783, 785 (Colo. 1986) (quoting Albo, 575 P.2d at 429). Even under the modern standard, an information that fails to charge an essential element of an offense will be fatally defective, but we have often noted that an information need not follow the precise wording of the statute defining the offense it charges. Id. at 786. Conversely, we have, however, also held that charging in the language of the statute defining an offense will generally be adequate to charge its essential elements. People v. Melillo, 25 P.3d 769, 778 (Colo. 2001).
¶12         The current rules of procedure abolish all demurrers and motions to quash, mandating instead that all defenses and objections based on defects in the institution of a prosecution or in the charging document, other than those asserting a failure to show jurisdiction in the court or to charge an offense, be made by motion within 21 days following arraignment. Crim. P. 12. A criminal defendant is entitled to seek greater specificity of even an adequate charge by moving for a bill of particulars within 14 days of arraignment or as permitted by the court, Crim. P. 7(g), and the court may permit an information to be amended as to either form or substance any time prior to trial, Crim. P. 7(e). The court may also permit amendment as to form at any time before the verdict or finding, but only to the extent that no additional or different offense is charged and the substantial rights of the defendant are not prejudiced by any such amendment. Id.
¶13         In the absence of an actual amendment, instructions permitting the jury to convict of an offense that is substantively different from any charged in the information are said to nevertheless work a “constructive amendment” of the information. See People v. Rodriguez, 914 P.2d 230, 257 (Colo. 1996) (describing constructive amendment and distinguishing it from a “simple variance”); cf. United States v. Miller, 471 U.S. 130, 136 (1985) (“Convictions generally have been sustained as long as the proof upon which they were based corresponds to an offense that was clearly set out in the indictment.”). An information may not be constructively amended by jury instruction any more than the court could permit the information to be amended by the addition of a new or different charge after the trial had begun. See Rodriguez, 914 P.2d at 257. The prosecution simply cannot constitutionally require a defendant to answer a charge not contained in the charging document. Id. (paraphrasing Schmuck v. United States, 489 U.S. 705, 717 (1989)).
¶14         Here, the defendant asserts that the felony murder count of the information was constructively amended by instructions permitting the jury to convict him of felony murder based on his commission or attempted commission of kidnapping, in some way other than by seizing and carrying the victim from one place to another; and in light of the jury’s finding of “not guilty” as to the offense of first degree kidnapping as separately charged, as well as the jury’s answer to the interrogatory accompanying its felony murder verdict, he asserts that the record clearly indicates that the jury, not only potentially but in fact, convicted him of a crime with which he had never been charged. The defendant reasons that although the felony murder count may have been charged with sufficient generality to encompass every alternative way of committing kidnapping, both first and second degree, the inclusion in the information of a separate count charging him with first degree kidnapping by seizing and carrying the victim from one place to another put him on notice that he need defend only against that particular act of kidnapping, and thereby effectively circumscribed the more general felony murder count of the information. From this proposition, he concludes that instructing according to the facial allegations of the felony murder count, which he contends had been circumscribed by the more specific kidnapping count, amounted to an expansion of the essential elements of felony murder as charged and, therefore, an impermissible constructive amendment, voiding the conviction.
¶15         As the court of appeals recognized, we have long held in this jurisdiction that in order for one count of an information to be incorporated in another, the latter must contain a clear and specific reference to the former. See Martinez v. People, 431 P.2d 765, 767 (Colo. 1967) (“Such reference must be clear, specific, and leave no doubt as to what provision of another count is intended to be incorporated.”). In Melillo, we rejected a claim by the defendant that one count of the information charging him with subjecting the child victim to sexual contact over a 16-month period, as part of a pattern of sexual abuse, necessarily incorporated another count charging a specific sexual assault on the same child within that same timeframe, as to which the jury had been unable to reach a verdict. 25 P.3d at 777. In reliance on this well-settled body of case law, we held that in the absence of any specific reference to the latter count in the former, there was no incorporation, id., and the jury’s guilty verdict on the pattern of abuse count was supported instead by a series of undifferentiated acts of sexual contact as to which the evidence indicated the victim had been subjected over the specified period, id. at 779.
¶16         The defendant, however, relies on a short line of court of appeals opinions for the proposition that a criminal defendant charged with felony murder, including the specification by name of the “underlying,” “ulterior,” or “predicate” crime he is alleged to have attempted or actually committed, without further limitation, is nevertheless entitled to proceed on the assumption that he need only defend against a death caused in the course of, in furtherance of, or in flight from a crime of the same generic designation, charged with greater specificity in a separate count of the information. See  People v. Palmer, 87 P.3d 137, 139–40 (Colo. App. 2003); People v. Auman, 67 P.3d 741, 750–51 (Colo. App. 2002); see also People v. Richardson, 58 P.3d 1039, 1044–45 (Colo. App. 2002) (involving burglary charge). Although not binding on this court in any event, the court of appeals holdings upon which the defendant relies simply do not support the proposition he advances. Rather, they represent a much more narrow extension of this court’s reasoning in People v. Williams, 984 P.2d 56 (Colo. 1999), in which we addressed the particularity with which the specific intent required for burglary, and the lesser offense of first degree criminal trespass, are to be alleged in an information, and the consequences of doing so with less particularity.
¶17         In Williams, we declined to follow precedent in this jurisdiction from an earlier period declaring the failure to specify, by name, the ulterior crime the defendant intended to commit for purposes of a charge of burglary, to be a fatal defect. Id. at 61– 63 & n.9 (declining to follow Gomez v. People, 424 P.2d 387 (Colo. 1967); Martinez v.  People, 431 P.2d 765 (Colo. 1967); Henson v. People, 444 P.2d 275 (Colo. 1968)). Based in large part on subsequent statutory amendments to the definitions of both burglary and trespass, which replaced a non-exclusive list of crimes one of which the defendant must have intended to commit upon entry with a requirement that he merely enter with the intent to commit a crime therein, we found the essential-element-requirement of the charging document to be satisfied by an allegation, in the language of the statute, merely that the defendant intended to commit a crime therein. Id. at 60–62. Nevertheless, treating the failure to provide greater specificity, by naming the “ulterior crime,” as a “defect of form,” we held that a defendant would be entitled to relief from a conviction, notwithstanding his failure to seek a bill of particulars or object to the sufficiency of the information in a timely manner, if his substantial rights were actually prejudiced thereby. Id. at 63–64. Relying, however, on the record as a whole, including the police report, additional charges in the information, and testimony at trial, we found that the defendant in that case could not have been in doubt as to the allegations of time, place, and circumstance of the trespass and ulterior crimes of assault and attempted robbery against which he was required to defend. Id. at 65.
¶18         In a pair of cases, the court of appeals extended our willingness to consider possible prejudice to a defendant’s substantial rights resulting from a lack of particularity in alleging the specific intent required for burglary, to charges of felony murder, premised on the commission or attempted commission of burglary but lacking any express allegation of all the elements of burglary, including naming a specific crime the defendant intended to commit upon entry. See Palmer, 87 P.3d at 139–40; Auman, 67 P.3d at 750–51. While we did not sanction this extension in either case, the one being reversed on other grounds, see Auman v. People, 109 P.3d 647 (Colo. 2005) (reversing felony murder conviction based on instructional error unrelated to charging), and the other not being reviewed by this court at all, see Palmer v. People, No. 03SC674, 2004 WL 766472 (Colo. Apr. 12, 2004) (denying certiorari), in neither case did the court of appeals even remotely suggest, any more than Williams itself, that one count of an information could be amended by another count, either by expansion or limitation, without express incorporation. See Palmer, 87 P.3d at 139–40; Auman, 67 P.3d at 750– 51. In each case the appellate court simply considered, as we had done in Williams, the totality of circumstances, including any other charges, to determine whether the defendant’s substantial rights had been prejudiced by a lack of particularity in alleging the required specific intent element of burglary. See Palmer, 87 P.3d at 139–40; Auman, 67 P.3d at 750–51.
¶19         Perhaps more importantly, even extending our reasoning in Williams to a predicate or underlying offense for purposes of felony murder, the court of appeals made clear that specifying one of the statutorily-designated predicate offenses, which include both “burglary” and “kidnapping,” see § 18-3-102(1)(b), C.R.S. (2015), serves to adequately allege the essential ulterior-crime-element of felony murder to avoid resulting in a fatal, substantive defect. See Palmer, 87 P.3d at 139–40; Auman, 67 P.3d at 750–51. The court of appeals opinions upon which the defendant relies therefore also not only fail to suggest that alleging the essential elements of felony murder requires the allegation of all the elements of a predicate offense, including any applicable alternative ways of committing that predicate offense; but, in fact, they stand squarely for the proposition that instructing with greater specificity as to a predicate offense charged in the language of the felony murder statute does not constructively amend the charge by altering its essential elements or by charging an additional or different crime. Whether or not failing to provide greater specificity might be considered a defect of form, it assuredly does not amount to a defect of substance.
¶20         Because the felony murder charge in this case effectively tracked the language of the felony murder statute, including the allegation that the defendant committed or attempted to commit “kidnapping,” such charge was clearly not substantively defective and provided the defendant with adequate notice of the charge against him. As such, instructing the jury, for purposes of the felony murder charge, on all statutory forms of kidnapping did not amount to instructing on an additional or different crime from the one charged and, therefore, did not constitute a constructive amendment.
¶21         We need not determine in this case whether a failure to allege by name a predicate offense for purposes of a felony murder charge, much less a failure to specify a particular statutorily-designated alternative method of committing that predicate offense, could be characterized as a “defect in form,” with respect to which the defendant might still be entitled to relief notwithstanding his failure to make timely objection. See Williams, 984 P.2d at 63–65. Perhaps because of his theory of the case and, in fact, his own testimony at trial expressly denying that he committed any of the acts constituting kidnapping and, instead, that the victim accompanied him of her own accord, the defendant has chosen in this court to assert constructive amendment, requiring that his conviction be voided without regard for any further demonstration of prejudice to his substantial rights, rather than a defect in form. To the extent the defendant asserts prejudice, even as an afterthought, he does so only on the premise that the jury instructions allowed him to be convicted of a crime with which he was never charged, a premise we have already rejected.
III.
¶22         Because one count of an information is not circumscribed by another count of that information unless the latter is incorporated in the former by clear and specific reference, the crime of kidnapping alleged more generally as an element of felony murder was not limited to the specific alternative act of kidnapping alleged in the separate kidnapping count, and therefore instructing the jury concerning all forms of kidnapping supported by the evidence did not constructively amend the felony murder charge. The judgment of the court of appeals is therefore affirmed.

[1] No issue concerning the entry of separate convictions and sentences for killing the same victim is before this court.
[2] The jury also received an instruction and a verdict form governing second degree murder, neither of which is at issue here.