22CA0901 Peo v Thomas 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA0901
Larimer County District Court No. 21CR271
Honorable Susan Blanco, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Noah Ray Thomas,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE HARRIS
Fox and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1　Defendant, Noah Ray Thomas, was charged with felony driving under the influence of alcohol (DUI).  At trial, the prosecution introduced evidence of Thomas's prior drinking-and-driving convictions.  The jury convicted him as charged.[1]

¶ 2　On appeal, he raises multiple claims, most related to the admission of his prior convictions at trial.  We reject his claims and therefore affirm the judgment of conviction.

## I.　Admission of Prior Convictions

¶ 3　Thomas contends that the trial court erred by (1) denying his request to bifurcate the trial; (2) failing to give a more comprehensive limiting instruction; (3) admitting evidence of his 2011 convictions in violation of CRE 404(b); and (4) permitting a variance between the charged offense and the offense of conviction.

## A.　Bifurcation

¶ 4　The crime of DUI, ordinarily a misdemeanor, is elevated to a class 4 felony if the defendant has "three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI . . . or [driving while ability impaired] (DWAI); vehicular homicide . . . ;

---

[1] Thomas was also convicted of misdemeanor child abuse, but he does not appeal that conviction.

vehicular assault . . . ; or any combination thereof."
§ 42-4-1301(1)(a), C.R.S. 2024.  The fact of prior convictions is an element of felony DUI that must be proved to the jury beyond a reasonable doubt.  *Linnebur v. People*, 2020 CO 79M, ¶ 2.

¶ 5     The amended complaint and information alleged that Thomas committed DUI and had prior convictions for DUI in 2003, DWAI in 2009, and vehicular homicide in 2011 (in Boulder County Case No. 10CR392).  The Boulder County case also resulted in five convictions for vehicular assault.

¶ 6     Thomas requested that the court bifurcate for trial the prior convictions element from the other elements of felony DUI.  The court denied the request.

¶ 7     On appeal, Thomas argues that the court erred by denying his request for a bifurcated trial.

¶ 8     We conclude that his argument is foreclosed by *People v. Kembel*, 2023 CO 5.  In *Kembel*, the supreme court held that, despite the "potential for prejudice to a defendant in a unitary trial," "a trial court may not bifurcate the elements of the offense of felony DUI (or of any offense) during a jury trial."  *Id.* at ¶¶ 49, 57.

¶ 9     Thomas says that *Kembel* is distinguishable, and therefore inapplicable, because there, the defendant's prior convictions were for DUI and DWAI, whereas here, the prior convictions include vehicular homicide, evidence of which presented greater potential for prejudice. *Kembel*'s holding did not turn on the nature of the prior convictions, though — in fact, the court expressly recognized that both vehicular homicide and vehicular assault are qualifying prior offenses. *Id.* at ¶ 25. The court's reasoning focused on "the disruption that bifurcation would inevitably cause in a felony DUI jury trial," *id.* at ¶ 45, a concern that applies equally when the prior convictions are for DUI and when they are for vehicular homicide or vehicular assault.

¶ 10    Nor are we persuaded that *Kembel* is distinguishable based on the alleged lack of a sufficient limiting instruction in this case. As Thomas notes, the *Kembel* court's analysis relied in part on the efficacy of contemporaneous and final limiting instructions to "temper[]" the risk of prejudice from the introduction of prior convictions. *Id.* at ¶ 52. But, as we discuss below, the trial court gave a limiting instruction to which Thomas did not object. And at any rate, the inadequacy of a limiting instruction would not warrant

3

reversal for a bifurcated trial — it could only warrant reversal for a unitary trial with a limiting instruction that referenced the vehicular homicide and vehicular assault convictions.

## B. Limiting Instruction

¶ 11 That brings us to Thomas's complaint about the court's limiting instruction, which the People say is waived because Thomas expressly accepted the prosecution's limiting instruction and never asked the court to revise it.

¶ 12 Before trial, the court told defense counsel that it was "happy to give a limiting instruction" and invited counsel to "raise the issue and come forward if [he] would like." Counsel responded that the prosector had "provide[d] some form of a limiting instruction in the jury instruction packet." Thomas never asked the court to read that instruction (or any revised version) during the evidentiary portion of the trial, even after the court specifically offered to do so during testimony about Thomas's prior convictions.

¶ 13 As forecasted, however, the court included the prosecution's proposed limiting instruction in its final instructions to the jury.

> You are instructed that the defendant's prior
> Driving Under the Influence or Driving While
> Ability Impaired convictions can only be

4

considered for the limited purpose of deciding whether or not the People have proven that the Defendant has prior Driving Under the Influence or Driving While Ability Impaired convictions.

The fact that the defendant may have prior Driving Under the Influence or Driving While Ability Impaired convictions does not make it more or less likely that he was Driving Under the Influence on January 2, 2021. Thus, you may not consider any of the defendant's prior Driving Under the Influence or Driving While Ability Impaired convictions as you consider whether or not the defendant was Driving Under the Influence on January 2, 2021.

¶ 14    Thomas now asserts that he is entitled to a new trial because the limiting instruction referenced only his prior convictions for DUI and DWAI, not his prior convictions for vehicular homicide and vehicular assault.

¶ 15    Even assuming waiver does not bar Thomas's claim, plain error review applies, *see People v. Griffin*, 224 P.3d 292, 298 (Colo. App. 2009), and under that standard, he is not entitled to relief. "[A] trial court's failure to give a limiting instruction sua sponte does not constitute plain error." *People v. Davis*, 2017 COA 40M, ¶ 32; *see also People v. Torres*, 141 P.3d 931, 935 (Colo. App. 2006) ("[W]hen, as here, [a] defendant does not object to the lack of

5

contemporaneous limiting instructions or request additional ones, reversal for lack of a limiting instruction is not required.").

¶ 16    Regardless, to be plain, the error must be substantial, *see Griffin*, 224 P.3d at 298, and any error in failing to give a more comprehensive limiting instruction is not substantial in light of the overwhelming evidence of guilt, *see People v. Fichtner*, 869 P.2d 539, 543 (Colo. 1994) ("[I]f there is overwhelming evidence to support the conviction," reversal is not warranted "under a plain error standard.").

¶ 17    Thomas's ex-girlfriend testified that on the night of the incident, Thomas had been drinking "throughout the day into the evening," and that he drank "at least ten" double shots of alcohol. The officer who conducted the traffic stop said that he could smell alcohol when he approached the car and that Thomas's eyes were bloodshot and watery.  A second officer testified that Thomas's performance on the roadside sobriety tests indicated that he was under the influence of alcohol, and the results of the breathalyzer test showed that Thomas had a blood alcohol content of .13, well above the legal limit of .08.  This evidence was generally uncontested.

## C. Admission of the 2011 Convictions

¶ 18    At trial, the prosecution introduced certified copies of Thomas's record from the Division of Motor Vehicles (DMV) and of the sentencing order entered in Case No. 10CR392. The DMV record and the order showed that in April 2011, in Case No. 10CR392, Thomas was convicted of one count of vehicular homicide and multiple counts of vehicular assault (the DMV record listed four counts, while the sentencing order listed five).

¶ 19    Thomas argues, for the first time on appeal, that the evidence of the 2011 convictions constitutes propensity evidence that was improperly admitted under CRE 404(b).

¶ 20    CRE 404(b) governs the admissibility of uncharged misconduct evidence. Under the rule, evidence of the defendant's prior misconduct is not admissible to prove propensity to commit a wrongful act — i.e., that the defendant has a bad character and on a particular occasion, he acted in conformity with his bad character. *See* CRE 404(b)(1). Uncharged misconduct evidence may be admissible for non-propensity purposes, such as proving motive, intent, or identity. *See* CRE 404(b)(2).

¶ 21    But Rule 404(b) is implicated only if the uncharged misconduct is extrinsic to the charged offense. *Rojas v. People*, 2022 CO 8, ¶ 44. Intrinsic acts — those that directly prove the charged offense or occurred contemporaneously with it and facilitated its commission — fall outside the scope of Rule 404(b). *Id.*

¶ 22    In a felony DUI case, evidence of prior qualifying convictions is intrinsic to the charged offense. *People v. Schlehuber*, 2025 COA 50, ¶ 57 ("To the extent the Nebraska record was offered to prove the fact of [the defendant's] prior DUI conviction, it was intrinsic to the charged offense" of felony DUI.). The prosecution offered the DMV record and the sentencing order to prove the fact of the 2011 convictions for vehicular homicide and vehicular assault — an element of felony DUI. Thus, the evidence was exempt from Rule 404(b). *Rojas*, ¶ 52.

¶ 23    Thomas says that because the criminal complaint did not specifically reference the prior vehicular assault convictions, evidence of that "uncharged misconduct" was necessarily offered to prove his propensity to drink and drive and therefore its admissibility falls under Rule 404(b). But the sufficiency of the

charging document has nothing to do with the purpose for which the prior convictions were admitted. The vehicular assault convictions, like the vehicular homicide conviction, were admitted to prove that Thomas had a qualifying prior conviction from 2011. Indeed, Thomas acknowledges as much, by arguing (in a claim we discuss below) that the felony DUI jury instruction improperly allowed the jury to rely on any one of his prior vehicular assault convictions as proof of the prior conviction element of the offense.

### D. Variance

¶ 24 Count 1 of the amended complaint and information charged Thomas with driving a motor vehicle while under the influence of alcohol or drugs after three prior convictions, including two prior DUI or DWAI convictions and, as relevant here, "Vehicular Homicide – DUI on April 7, 2011, in Boulder County, Colorado, in case number 2010CR392."

¶ 25 As noted, the prosecution introduced evidence that in addition to the vehicular homicide count, the convictions in Case No. 10CR392 included multiple counts of vehicular assault.

¶ 26 According to the felony DUI jury instruction, one element the prosecution had to prove was that Thomas "had three or more prior

convictions . . . for DUI, . . . DWAI[,] vehicular homicide, [or] vehicular assault."

¶ 27    On appeal, Thomas contends that he was charged with committing DUI after convictions for DUI, DWAI, and vehicular homicide, but the jury instructions constructively amended, or the evidence created a simple variance with, the charging document, allowing the jury to convict him based on any one of the uncharged convictions for vehicular assault.

¶ 28    A defendant has a constitutional right to notice of the charges against him. *Hoggard v. People*, 2020 CO 54, ¶ 22. In Colorado, that notice is generally provided through the filing of a complaint or information. *Id.* at ¶ 23. A complaint or information is sufficient when it advises the accused of the charges so that he has a "fair and adequate opportunity to prepare [his] defense" and is "not taken by surprise" by the evidence offered at trial. *People v. Martinez*, 2024 COA 34, ¶ 21 (citation omitted).

¶ 29    A variance occurs when a charge contained in the charging document differs from the charge for which a defendant is convicted. *See People v. Gallegos*, 260 P.3d 15, 25 (Colo. App. 2010). There are two types of variances: a constructive amendment

and a simple variance. "A constructive amendment occurs when a jury instruction 'changes an essential element of the charged offense and thereby alters the substance of the charging instrument.'" *Bock v. People*, 2024 CO 61, ¶ 14 (quoting *People v. Rediger*, 2018 CO 32, ¶ 48); *see also Esquivel-Castillo v. People*, 2016 CO 7, ¶ 13 (A constructive amendment occurs when jury instructions permit the jury to convict the defendant of an offense "that is substantively different from any charged in the information."). A simple variance occurs when the charging terms are unchanged, but the evidence at trial proves facts materially different from those alleged in the charging document. *People v. Deutsch*, 2020 COA 114, ¶ 25.

¶ 30    We review de novo whether a variance occurred, *see People v. Carter*, 2021 COA 29, ¶ 35, but because Thomas did not preserve this claim, a plain error standard applies, meaning we will not reverse the conviction unless Thomas can demonstrate "substantial prejudice," *Bock*, ¶ 24 (reversal for constructive amendment requires showing of prejudice); *People v. Vigil*, 2015 COA 88M, ¶ 30 (reversal for simple variance requires showing of prejudice), *aff'd*, 2019 CO 105.

¶ 31    Even assuming some sort of variance occurred, Thomas has not specifically alleged, much less demonstrated, any prejudice.  He says only that the conduct for which he could be convicted was broadened by the prosecution's evidence and the jury instructions because, in reaching its verdict, the jury could have relied on the uncharged vehicular assault convictions.  But that is just a way of saying that a variance occurred, it is not an allegation of prejudice.  And on this record, we do not see how the alleged variance could have prejudiced Thomas.

¶ 32    A similar situation arose in *Campbell v. People*, 2020 CO 49, in the context of habitual criminal proceedings.  The information alleged that the defendant had been convicted of a felony and identified the case number, the jurisdiction, and the date of conviction, but it misidentified the felony as possession of a controlled substance rather than trespassing.  *Id.* at ¶ 52.  At the habitual criminal hearing, the prosecution proved that the defendant had been convicted of trespass in the listed case.  *Id.* at ¶ 53.  Because the charging document put the defendant on notice that he was alleged to have been convicted of a felony in the specifically identified case, and the prosecution proved that he was,

in fact, convicted of felony trespass in that case, the court concluded that the variance was not a constructive amendment and did not prejudice the defendant's substantial rights. *Id.* at ¶¶ 53-54.

¶ 33    Here, the amended complaint and information identified a 2011 prior conviction in Boulder County Case No. 10CR392. The documents associated with that case — the DMV record and the sentencing order — were presumably provided to Thomas during discovery, and those documents "plainly revealed" that the convictions associated with that case number were for both vehicular homicide and vehicular assault. *Id.* at ¶ 54. And Thomas does not argue that he would have challenged the prosecution's case differently had the charging document specifically identified vehicular assault as one of the prior convictions from the 2011 case. *Id.*; *see also Bock*, ¶ 25 (a defendant must claim surprise or lack of notice in order to obtain reversal based on a variance); *People v. Pahl*, 169 P.3d 169, 178 (Colo. App. 2006) (A simple variance did not affect the defendant's substantial rights where the "defendant [did] not complain he was unaware of the essential facts[,] . . . argue he would have challenged the prosecution's case

differently, [or] indicate he could have produced different evidence in his defense.").

¶ 34    Therefore, even if there was a variance, Thomas's substantial rights were not prejudiced.

## II.    Admission of the Breathalyzer Test Results

¶ 35    Over Thomas's objection, the trial court admitted the report of his breathalyzer test results.  Thomas contends that the trial court erred because the report was hearsay and therefore inadmissible.

¶ 36    Hearsay is "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  CRE 801(c).  A declarant is "a person who makes a statement."  CRE 801(b).  Hearsay statements are generally not admissible as evidence at trial.  CRE 802; *People v. Phillips*, 2012 COA 176, ¶ 61.

¶ 37    The report produced by the breathalyzer machine was not hearsay because "no 'person' or 'declarant' made a 'statement' within the meaning of CRE 801."  *People v. Abad*, 2021 COA 6, ¶ 54; *see also People v. Buckner*, 228 P.3d 245, 250 (Colo. App. 2009).  The results of the breathalyzer test were generated by a machine.  *People v. Hamilton*, 2019 COA 101, ¶¶ 24-26 (concluding

time stamps and similar information that a machine generates without human intervention are not "statements" and, thus, are not hearsay); *see also Cranston v. State*, 936 N.E.2d 342, 345 (Ind. Ct. App. 2010) (holding an evidence ticket produced by a chemical breath machine is not hearsay).

¶ 38 To the extent that Thomas alleges that the identifying information contained within the report was inadmissible, any prejudice resulting from its admission was harmless. The identifying information was cumulative of the officer's testimony that he administered the test to Thomas at the police station. *See People v. McFee*, 2016 COA 97, ¶ 90 ("When evidence is merely cumulative, any error in its admission is harmless.").

### III.   As-Applied Constitutional Challenge

¶ 39 Finally, Thomas asks us to conclude that section 42-4-1301 is unconstitutional as applied to him, on the ground that the prejudice resulting from the admission of his vehicular homicide and vehicular assault convictions deprived him of a fair trial. Because his as-applied challenge is unpreserved and undeveloped, we decline to review it. *See, e.g.*, *People v. Mountjoy*, 2016 COA 86, ¶ 37 ("Inadequacy of the record . . . disfavors addressing an as-

applied challenge for the first time on appeal."), *aff'd on other grounds*, 2018 CO 92M; *People v. Durapau*, 280 P.3d 42, 49 (Colo. App. 2011) (declining to review constitutional challenge to statute where the defendant presented bare and conclusory arguments).

## IV. Disposition

¶ 40 The judgment is affirmed.

JUDGE FOX and JUDGE SCHUTZ concur.